## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:10-cv-634-FDW-DLH

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      vs.

WILLIAM K. HARRISON and EDDIE W.
SAWYERS,

      Defendants.

**FINAL CONSENT JUDGMENT AS
TO WILLIAM K. HARRISON**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant William K. Harrison ("Harrison") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77 q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, in connection with the purchase or sale or in the

offer or sale of any security:

(1)     to employ any device, scheme or artifice to defraud;

(2)     to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3)     to obtain money or property by means of any untrue statement of a material fact, or omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

(4)     to make any untrue statement of a material fact or omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## II.

IT IS FURTHER ORDERED that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, be, and they hereby are permanently restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & (2)], by, while acting as investment advisers, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(1)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

III.

IT IS FURTHER ORDERED that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, be, and they hereby are permanently restrained from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by:

        (1)      making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)      otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS FURTHER ORDERED that Harrison shall pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from December 1, 2007, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is appropriate and, if so, the amount of the penalty. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Harrison will be precluded from arguing that he did not violate the federal securities

laws as alleged in the Complaint; (b) Harrison may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Harrison shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

IT IS FURTHER ORDERED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Signed: April 15, 2011

Frank D. Whitney
United States District Judge