UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-634-GCM-DLH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) WILLIAM K. HARRISON and EDDIE W. SAWYERS, ) ) ) Defendants. ) | ) ) ) ) ) FINAL CONSENT JUDGMENT AS ) TO EDDIE W. SAWYERS ) ) ) ) ) |

The Securities and Exchange Commission ("Commission") having filed a Complaint and the Defendant Eddie W. Sawyers ("Sawyers") having entered a general appearance; consented to the Court's jurisdiction over the Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED that Sawyers and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77 q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, in connection with the purchase or sale or in the

offer or sale of any security:

(1) to employ any device, scheme or artifice to defraud;

(2) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3) to obtain money or property by means of any untrue statement of a material fact, or omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

(4) to make any untrue statement of a material fact or omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

II.

IT IS FURTHER ORDERED that Sawyers and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, be, and they hereby are permanently restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & (2)], by, while acting as investment advisers, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

III.

IT IS FURTHER ORDERED that Sawyers and his agents, servants, employees, attorneys

and those persons in active concert or participation with them who receive actual notice of this Final Judgment, be, and they hereby are permanently restrained from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by:

(1) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS FURTHER ORDERED that Sawyers is liable for disgorgement of $117,000, representing funds misappropriated as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $13,312.19, for a total of $130,312.19. Based on Sawyers' sworn representations in his Statement of Financial Condition dated November 22, 2010, and other documents and information submitted to the Commission, however, the Court is not ordering Sawyers to pay a civil penalty and payment of all of the disgorgement and pre-judgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Sawyers' Statement of Financial Condition. If at any time following the entry of this Final Judgment, the Commission obtains information indicating that Sawyers' representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations

were made, the Commission may, at its sole discretion and without prior notice to Sawyers, petition the Court for an order requiring Sawyers to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Sawyers was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Sawyers to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Sawyers may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Sawyers shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

IT IS FURTHER ORDERED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Signed: July 14, 2011

Graham C. Mullen
United States District Judge