FILED
CHARLOTTE, NC

JUL 24 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM K. HARRISON, and EDDIE W. SAWYERS,<br><br>Defendants. | Civil Action No. 3:10-cv-634 |

## *McA* (PROPOSED) FINAL JUDGMENT AGAINST DEFENDANT WILLIAM K. HARRISON

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant William K. Harrison ("Harrison") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED** that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77 q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, in connection with the purchase or sale or in the offer or sale of any security:

(1) to employ any device, scheme or artifice to defraud;

(2) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3) to obtain money or property by means of any untrue statement of a material fact, or omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not

misleading;

(4) to make any untrue statement of a material fact or omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## II.

**IT IS FURTHER ORDERED** that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment, be, and they hereby are permanently restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & (2)], by, while acting as investment advisers, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

Case 3:10-cv-00634-GCM -DLH   Document 13   Filed 07/24/12   Page 3 of 5

## III.

**IT IS FURTHER ORDERED** that Harrison and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment, be, and they hereby are permanently restrained from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by:

(1) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $8,212,897.30, representing funds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $546,437.74, for a total of $8,759,335.04. The

Final Judgment shall be deemed satisfied by the entry of the restitution order in *United States v. Harrison*, 1:11-cr-37-1, United States District Court for the Middle District of North Carolina.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Final Judgment shall be enforceable by this Court, and the Court retains exclusive jurisdiction to enforce the terms of the Consent and this Final Judgment.

Dated: 24 July 2012

Graham C. Mullen
UNITED STATES DISTRICT JUDGE

-5-

Case 3:10-cv-00634-GCM -DLH   Document 13   Filed 07/24/12   Page 5 of 5